UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTONIO N. LAWS,

      Plaintiff,

v.

SERGEANT WALTER BATES,
LIEUTENANT EDWARD VIVERETTE,
and THE DETROIT CITY POLICE
DEPARTMENT,

      Defendants.
_____/

CASE NO. 2:18-cv-11821

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER DISMISSING THE COMPLAINT**

**I. Introduction**

This matter is presently before the Court on plaintiff Antonio N. Laws' *pro se* civil rights complaint, which seeks relief under 42 U.S.C. § 1983 for alleged violations of Plaintiff's constitutional rights and for false imprisonment. Plaintiff is a state prisoner at the Carson City Correctional Facility in Carson City, Michigan. The defendants are the City of Detroit Police Department, Sergeant Walter Bates of the Detroit Police Department, and Lieutenant Edward Viverette of the Michigan State Police.

The complaint alleges that, on July 22, 2001, at approximately 7:00 a.m., Sergeant Bates and Lieutenant Viverette arrested Plaintiff for a murder and took him to a jail in Detroit, Michigan. On July 24, 2001, Bates and Viverette sought a warrant for Plaintiff's

arrest on the murder charge, and on July 25, 2001 the warrant was issued and Plaintiff was arraigned.

Plaintiff claims that he was held incommunicado for approximately 79 hours while Bates and Viverette conducted an investigation. He seeks money damages and a declaratory judgment stating that (1) his detention for 79 hours without a judicial determination of probable cause violated his rights under the Fourth Amendment to the United States Constitution, and (2) the investigation of him during his detention by Bates and Viverette violated his Fourteenth Amendment right to due process of law.

The Court has concluded that even assuming Plaintiff's claims are not barred by the three-year statute of limitations for claims brought under § 1983,[1] Plaintiff is not

---

[1] "Congress did not establish a statute of limitations or a body of tolling rules applicable to actions brought in federal court under § 1983," but "[w]hen such a void occurs, [the Supreme Court] has repeatedly 'borrowed' the state law of limitations governing an analogous cause of action." *Bd. of Regents of Univ. of State of N.Y. v. Tomanio*, 446 U.S. 478, 483–84 (1980).

> In *Wilson v. Garcia*, 471 U.S. 261, 276–280, 105 S.Ct. 1938, 1947–1950, 85 L.Ed.2d 254 (1985), the Supreme Court held that the appropriate statute of limitations to be applied in all section 1983 actions is the state statute of limitations governing actions for personal injury. Subsequently, in *Carroll v. Wilkerson*, 782 F.2d 44, 45 (6th Cir.), cert. denied, 479 U.S. 923, 107 S.Ct. 330, 93 L.Ed.2d 302 (1986), [the Federal Court of Appeals for the Sixth Circuit] held that Michigan's three year statute of limitations for personal injury claims, Mich. Comp. Laws Ann. § 600.5805(8) (West 1987), governs section 1983 actions when the cause of action arises in Michigan.

*McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988).

2

entitled to the requested relief. Accordingly, the Court will summarily dismiss the complaint.

## II. Legal Framework

The Court granted Plaintiff permission to proceed without prepayment of the fees and costs for this action. Under the Prison Litigation Reform Act of 1996, federal district courts must screen an indigent prisoner's complaint and dismiss "any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant immune from such relief." *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A and 42 U.S.C. § 1997e). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

To prevail on a claim under § 1983, a plaintiff must prove two elements: "(1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law." *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014). A plaintiff also must demonstrate that he has standing to maintain a lawsuit in federal court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). As the party invoking federal jurisdiction, he bears the burden of

---

Because this cause of action arose in Michigan, the applicable statute of limitations is Michigan's three-year statute of limitations for personal injury claims. Plaintiff is complaining of events that occurred in 2001. Thus, his complaint appears to be time-barred.

establishing that he "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant[s], and (3) that is likely to be redressed by a favorable judicial decision." *Id.*

"To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Id.* (quoting *Lujan*, 504 U.S. 560 n.1). For an injury in fact to be "concrete," it "must be 'de facto'; that is, it must actually exist." *Id.*

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). In other words, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

## III. Analysis

As noted above, Plaintiff has alleged that the defendants violated his rights under the Fourth and Fourteenth Amendments by conducting an investigation and detaining him for 79 hours without a judicial determination of probable cause. "Under *Gerstein* [*v. Pugh*, 420 U.S. 103 (1975)], warrantless arrests are permitted but persons arrested without a warrant must promptly be brought before a neutral magistrate for a judicial determination of probable cause." *County of Riverside v. McLaughlin*, 500 U.S. 44, 53 (1991). "[A] jurisdiction that provides judicial determinations of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirement of *Gerstein*." *Id.* at 56.

Plaintiff contends that he was held 79 hours before there was a judicial determination of probable cause. A delay of over 48 hours, however, "is not *per se* unlawful," *Cherrington v. Skeeter*, 344 F.3d 631, 643 (6th Cir. 2003), and Plaintiff has not alleged any injury as a result of his untimely arraignment. Although he was confined in jail for three days, a warrant for his arrest subsequently was issued, and records maintained by the Michigan Department of Corrections on its official website indicate that Plaintiff ultimately was convicted of the murder for which he was arrested, as well as, two related firearm offenses.[2] He presumably received credit on at least one of his firearm sentences for time served in jail. *See* Mich. Comp. Laws § 769.11b (stating that, "[w]henever any person is hereafter convicted of any crime within this state and has

---

[2] *See* http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=348178.

served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing"). Thus, there was no real injury as a result of the 79-hour detention before Plaintiff's arraignment.

To the extent Plaintiff is challenging his present incarceration, his sole remedy is a petition for the writ of habeas corpus, following exhaustion of state remedies. *Preiser v. Rodriguez*, 411 U.S. 475, 499. n.14, 500 (1973). Furthermore, as explained by the Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994),

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under 1983.

*Id.* at 486-87 (footnote omitted) (emphasis in original). Heck and subsequent cases,

> taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original).

Plaintiff's claim that he was illegally detained before his arraignment does not necessarily implicate the validity of his confinement or its duration. But a judgment in

Plaintiff's favor on a challenge to the legality of his murder conviction would necessarily demonstrate the invalidity of his confinement or its duration.

Furthermore, although a suit for damages attributable to a Fourth Amendment violation may lie even if the challenged conduct resulted in the § 1983 plaintiff's conviction, the § 1983 plaintiff must prove not only that the Fourth Amendment was violated, but that it caused him actual, compensable injury. *Heck*, 512 U.S. at 487 n.7. An actual, compensable injury does "*not* encompass the 'injury' of being convicted and imprisoned (until his conviction has been overturned)." *Id.* This language from *Heck* "plainly refutes the argument that Fourth Amendment claims are exempted from the requirement that a conviction must be set aside as a precondition for this type of § 1983 suit." *Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1985).

## IV. Conclusion

Plaintiff has failed to show that he suffered an actual injury as a result of his untimely arraignment, and, to the extent he challenges his current confinement, his claims are not cognizable in this civil rights action. Consequently, the complaint is frivolous and fails to state a claim for which relief may be granted. The complaint is dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The Court also certifies that an appeal from this order would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

Dated: 8/31/18

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE